**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALLEN M. JOHNSON,<br><br>     Plaintiff,<br><br>     v.<br><br>NEW JERSEY DOOR WORKS, INC.,<br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF VETERANS AFFAIRS,<br>and JOHN DOE, a fictitious name,<br><br>     Defendants. | CIVIL ACTION NO. 12-4380 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

The plaintiff, Allen M. Johnson ("Johnson"), brought this action against the defendants, New Jersey Door Works, Inc., United States of America, Department of Veterans Affairs (the "VA"), and John Doe, a fictitious name (collectively, the "defendants"), to recover damages for personal injuries.  (See dkt. entry no. 17, 2d Am. Comp.)  The VA now moves to dismiss the Second Amended Complaint, insofar as it is asserted against the VA, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), for lack of subject-matter jurisdiction, arguing that the claims asserted against the VA are barred by the Federal Tort Claims Act ("FTCA").  (See dkt. entry no. 24, Notice of Mot. & Br.)  Johnson opposes the Motion.  (See dkt. entry no. 26, Opp'n Br.)

The Court will resolve the Motion on the papers and without oral argument pursuant to Local Civil Rule 78.1(b). The Court, for the reasons stated herein, will grant the Motion.

## I. LEGAL STANDARDS

### A. Motion to Dismiss

A defendant may move to dismiss for lack of subject-matter jurisdiction at any time. See Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437–38 (D.N.J. 1999); see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Under either challenge, the plaintiff has the burden of persuasion to convince the Court it has jurisdiction. See id. at 178.

When reviewing a facial attack, the Court assumes the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject-matter jurisdiction. See Cardio–Med. Assocs., Ltd. v. Crozer–Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438. When reviewing a factual challenge, in contrast, "no presumptive truthfulness attaches to plaintiff's allegations,

2

and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." See Mortensen v. First Fed. Savs. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The Court may consider affidavits, depositions, and testimony to resolve factual issues, and the Court is free to weigh the evidence to satisfy itself as to the existence of its power to hear the case. See Iwanowa, 67 F.Supp.2d at 438. The Motion concerns a factual challenge, and thus the Court is permitted to look beyond the pleadings. See Medina v. City of Phila., 219 Fed.Appx. 169, 172 (3d Cir. 2007) (finding defendant's motion to dismiss based on plaintiff's failure to exhaust remedies under the FTCA to be factual attack on jurisdiction); Arias v. United States, No. 05-4275, 2007 WL 608375, at *2 (D.N.J. Feb. 23, 2007) (same).

    **B.   The FTCA**

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotation marks omitted). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Id. (internal quotation marks omitted). "[F]ederal courts do not have jurisdiction over suits

against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000).

The FTCA waives sovereign immunity for claims against the United States seeking monetary damages where the injury results from a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." See 28 U.S.C. § 1346(b)(1). Such a claim, however, "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." See 28 U.S.C. § 2401(b) (emphasis added). For purposes of 28 U.S.C. § 2401(b), "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 [("SF-95")] or other written notification of an incident . . . ." 28 C.F.R. § 14.2(a).

"A claim shall be presented to the Federal agency whose activities gave rise to the claim. . . . A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency." 28 C.F.R. § 14.2(b)(1). The plaintiff carries the burden of proof to establish

4

presentment of the claim to the appropriate agency.  See Medina, 219 Fed.Appx. at 172.  The plaintiff "must offer proof of actual receipt of the claim [by the appropriate agency] (or strong evidence from which receipt can be inferred) to satisfy the two year limitation in § 2401(b)".  See id. at 173 (dismissing FTCA claim where plaintiff offered no proof, other than unsigned letter and her attorney's affidavit indicating that her attorney sent claim on particular date).

**II.  FINDINGS OF FACT**

Johnson was an employee of Mile Square Roofing Company and was working at a job site located at the VA in Lyons, New Jersey.  (See Br. at 2; Opp'n Br. at 6.)  Johnson alleges that on July 15, 2010, while working at the VA job site, he was struck on the head by a garage door motor, causing him severe personal injuries.  (See id.)  Johnson filed a Complaint on July 13, 2012, initially naming the VA and New Jersey Door Works, Inc. as defendants.  (See id.; see generally dkt. entry no. 1, Compl.)  Johnson alleges that the defendants' negligence caused his injuries.  (See Br. at 2; Opp'n Br. at 6.)  Johnson voluntarily dismissed the claims asserted against the VA on December, 14, 2012.  (See Br. at 2; Opp'n Br. at 6.)  On June 3, 2013, Johnson filed a Second Amended Complaint, which again named the VA as a defendant.  (See id.; see generally 2d Am. Compl.)

5

Johnson and the VA disagree as to the precise date Johnson's SF-95 was presented to the VA. Johnson alleges that he served the VA with a completed and signed copy of the SF-95 via personal service on July 13, 2012. (See Opp'n Br. at 7.) James Pfeiffer, Sr. was hired by Johnson's attorney to be a courier and hand deliver the SF-95 to the VA. (See id.) Mr. Pfeiffer is the father of Johnson's attorney. (See dkt. entry no. 26-2, Certification of James Pfeiffer, Sr.) Johnson states that when Mr. Pfeiffer arrived at the VA building, he was directed to go to a specific building on the campus in order to properly serve the SF-95. (See Opp'n Br. at 7.) Mr. Pfeiffer allegedly proceeded to serve the SF-95 on the individual working at the front desk of the building he was directed to go to, and that individual accepted service of the SF-95. (See id.) The VA alternatively argues that it did not receive the SF-95 until July 17, 2012. (See Br. at 2.)

### III. ANALYSIS

The question in this case is one of presentment under the FTCA. As stated supra, Johnson carries the burden of proof to establish presentment of his claim to the VA. See Medina, 219 Fed.Appx. at 172. In order to satisfy the presentment requirement, Johnson must demonstrate that the VA actually received his SF-95 by July 15, 2012, which is two years after he suffered his injuries. See 28 C.F.R. § 14.2(a). Johnson "must

6

offer proof of actual receipt of the SF-95 [by the VA] (or strong evidence from which receipt can be inferred) to satisfy the two year limitation." See Medina, 219 Fed.Appx. at 173.

Johnson argues that the VA received his SF-95 on July 13, 2012, and thus the SF-95 was properly presented to the VA. (See Opp'n Br. at 7.) Johnson avers that, although he does not have proof of actual receipt of the SF-95 by the VA, "there is strong evidence from which receipt can be inferred." (See id. at 11.) Johnson offers – as strong evidence from which receipt can be inferred – the Certifications of Gwen Mills, a paralegal employed by the plaintiff counsel's law firm, and Mr. Pfeiffer. (See id. at 11-13; dkt. entry no. 26-1, Certification of Gwen Mills; Certification of James Pfeiffer, Sr.)

Ms. Mills certifies:

    1.  . . . I am employed as a paralegal with the law firm of Pfeiffer, Bruno, Minotti & DeEsch.

    2.  On July 12, 2012 with information from Plaintiff, Allen Johnson, and counsel for Plaintiff, James Pfeiffer, Jr., I prepared and completed a [SF-95]. See attached Exhibit "A".

    3.  I then sent a check request/reimbursement form to the payroll department of my law firm in order to hire James Pfeiffer, Sr. to serve the SF-95 with cover letter and a state Complaint for the Plaintiff. See attached Exhibit "B".

    4.  I prepared a cover letter to go along with the completed SF-95 to be hand delivered by James Pfeiffer, Sr., on July 13, 2012. See attached Exhibit "C".

7

> 5. On July 13, 2012 I gave to James Pfeiffer, Sr., a state Complaint and a SF-95 with cover letter to hand deliver the Complaint to the Somerset County Courthouse and the SF-95 to the Veterans Affairs Hospital, Lyons Campus, located at 151 Knollcroft Road, Lyons, New Jersey.
>
> 6. On July 13, 2012 at approximately 3:45 P.M. I received a phone call from James Pfeiffer, Sr., he told me that the Veterans Affairs secretary in the first building he entered would not accept the SF-95 and that he was directed to the administration building. I told him to go to the administration building and to serve the SF-95 with cover letter there.
>
> 7. James Pfeiffer, Sr. thereafter informed me that the secretary/clerk at the administrative office had accepted service of the SF-95 on July 13, 2012.

(Certification of Gwen Mills at ¶¶ 1-7.) Ms. Mills attached the SF-95, the check reimbursement form, and the cover letter as exhibits to her Certification. (See Certification of Gwen Mills, Exs. A-C.) The cover letter is dated July 12, 2012. (See Certification of Gwen Mills, Ex. C.)

Mr. Pfeiffer certifies:

> 2. On July 12, 2012 I was hired by my son's law firm Pfeiffer, Bruno, Minotti, and DeEsch to serve two items for the Plaintiff, Allen Johnson, a state Complaint at the Somerset County Courthouse and a [SF-95], with cover letter to the Veterans Affairs Hospital, Lyons Campus, located at 151 Knollcroft Road, Lyons, New Jersey.
>
> 3. I picked up the state complaint and SF-95 with cover letter from Gwen Mills at the law office of Pfeiffer, Bruno, Minotti, and DeEsch at approximately 2:00 P.M. on July 13, 2012. I first traveled to the Somerset County Courthouse in order to file a state complaint in this matter. See attached Exhibit "A".

8

> 4. I then traveled to the Veterans Affairs Hospital, Lyons Campus located at 151 Knollcroft Road, Lyons, New Jersey and arrived at approximately 3:30 P.M.
>
> 5. I walked to the very first building from the parking lot, as I entered the building I attempted to serve the cover letter and SF-95 on the Veterans Affairs secretary who was working at the desk next to the entrance. The Veterans Affairs secretary told me that this was not the right building to serve the SF-95 and directed me to a specific office at the administration building.
>
> 6. I then called Gwen Mills to inform her that the first building I entered would not accept the SF-95 and that I was directed to the administration building.
>
> 7. I then walked over to and entered the administration building and went to the office I had been directed to deliver the SF-95. Upon my arrival at the office I had been directed to go to a secretary/clerk reviewed the cover letter and SF-95 and told me "ok, thank you," I then left the building.
>
> 8. I billed the law firm of Pfeiffer, Bruno, Minotti, and DeEsch for the delivering of the SF-95 form at the end of the month of July 2012, the handwritten bill clearly indicates that I made the delivery to the "Lyons Hosp" for client "Johnson" on July 13, 2012. See attached Exhibit "B".
>
> 9. I was paid by the law firm of Pfeiffer, Bruno, Minotti and DeEsch for my services of serving the cover letter and SF-95 on the Veterans Affairs Hospital via check #10483 dated August 17, 2012. See attached Exhibit "C".

(Certification of James Pfeiffer, Sr. at ¶¶ 2-9.) Mr. Pfeiffer attached copies of the Complaint, hand written bill, and check to his Certification. (See Certification of James Pfeiffer, Sr., Exs. A-C.)

The VA argues that it did not receive Johnson's SF-95 until July 17, 2012, two days after the two year limitations period expired. (See Br. at 2.) The VA submits the Declaration of Mary Jo A. Apice – an Administrative Officer in the Director's Office of the VA – wherein she avers that, although the SF-95 is dated July 11, 2012, the SF-95 was not received by her office until July 17, 2012. (See dkt. entry no. 24-2, Decl. of Mary Jo A. Apice at ¶¶ 1-2.)

The Court has evaluated the merits of the jurisdictional claims - as it is permitted to do when reviewing a factual challenge - and finds that Johnson has not carried his burden of proving that he presented his claim to the VA by July 15, 2012. See Mortensen, 549 F.2d at 891. Johnson cites to Medina for the proposition that a plaintiff "must offer proof of actual receipt of the SF-95 [by the VA] (or strong evidence from which receipt can be inferred) to satisfy the two year limitation." See Medina, 219 Fed.Appx. at 173. In Medina, the court held that the "attorney's affidavit, standing alone, indicating that she mailed an administrative claim, is insufficient to prove presentment of such claim to the appropriate federal agency" where the agency had no record of receipt of the plaintiff's administrative claim. See id.[1]

---

[1] In Medina, the plaintiff alleged that she was injured on December 9, 2002 and mailed a completed administrative claim to

10

Johnson argues that Ms. Mills's Certification is "strong evidence from which receipt can be inferred," like that contemplated by Medina.  (See Opp'n Br. at 11-12.)  Her Certification indicating that she completed Johnson's SF-95 and gave it to a courier to deliver to the VA, however, has the same weight as the attorney's affidavit in Medina.  Neither instance "demonstrate[s] that the appropriate federal agency actually received the claim."  See Medina, 219 Fed.Appx. at 172; see also 28 C.F.R. § 14.2(a); Murray v. United States, 604 F.Supp. 444, 445 (E.D. Pa. 1985).

Johnson also mistakenly attempts to distinguish his case from Murray.  (See Opp'n Br. at 10-11.)  In Murray, there was a dispute as to when the plaintiffs' SF-95 was delivered to the agency and to whom it was delivered.  See Murray, 604 F.Supp. at

---

the appropriate agency on March 11, 2004.  See id. at 170-71.  The agency, however, had no record of receipt of the plaintiff's administrative claim.  See id. at 173.  The court remarked that "[e]ven if the March 11, 2004, letter was actually mailed within two years of her alleged injury, Medina must offer proof of actual receipt of the claim (or strong evidence from which receipt can be inferred) to satisfy the two year limitation in § 2401(b)."  Id.  The plaintiff had no actual proof that the agency received her claim; the only evidence that she offered was an unsigned letter and her attorney's affidavit indicating that her attorney sent the claim on that date.  See id.  The agency submitted the declarations of two employees, which stated that the agency had no record of receipt of the plaintiff's administrative claim.  See id.  The court held that "[i]n most cases, as in this one, an attorney's affidavit, standing alone, indicating that she mailed an administrative claim, is insufficient to prove presentment of such claim to the appropriate federal agency."  Id.

11

445. The plaintiffs' attorney stated in an affidavit that he hand delivered the SF-95 to an unidentified employee at the agency.  See id.  The defendant submitted an affidavit from the agency's accident investigator stating that they never received the SF-95.  See id.  The court - acknowledging that the plaintiffs had no receipt and were unable to identify the individual to whom the claim was hand delivered - declared that "[i]t would be reasonable to conclude that plaintiffs' attorney must have delivered the form to someone who was not an agency employee and that no proper presentment could be established on the record."  See id.

> Johnson argues that his case
>
> present[s] a different factual scenario, as Plaintiff's courier did not give it to just any person at the Defendant's place of business.  Upon arrival at Defendant's place of business Plaintiff's courier was directed to a specific office building. . . . [and] presented the documents to the person who was working the front desk.

(See Opp'n Br. at 11.)  The Court disagrees with Johnson and finds that his proffered evidence of presentment is analogous to that of the plaintiffs in Murray.  Just as in Murray where plaintiffs' counsel stated in his affidavit that he hand delivered the SF-95 to an unidentified agency employee, Mr. Pfeiffer certifies that he hand delivered Johnson's SF-95 to an

12

unidentified clerk in an unidentified building on the VA's campus.  (See Opp'n Br. at 7, 11.)

The presentment requirement is not an onerous requirement, as proof of receipt can easily be secured by obtaining acknowledgment of receipt from the agency.  See Medina, 219 Fed.Appx. at 172.  Surely, Mr. Pfeiffer, a professional courier, should have benefited from a depth and breadth of personal experience, teaching him to secure a receipt.  Although actual proof of receipt is not the sole method of establishing presentment, the proof offered by Johnson is simply not strong enough to establish that the VA actually received the claim by July 15, 2012.  See Medina, 219 Fed.Appx. at 172-73; see also 28 C.F.R. § 14.2(a).

For the above reasons, the Court finds that Johnson has failed to offer proof of actual receipt of the SF-95 by the VA, or strong evidence from which receipt can be inferred.  Because Johnson fails to satisfy the presentment requirement, the Court lacks subject-matter jurisdiction over the claims brought against the VA.

**IV.  CONCLUSION**

For the reasons stated, and for good cause showing, the Court will grant the motion to dismiss.  The Court will issue an appropriate order and judgment.[2]

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

Dated: February 11, 2014

---

[2] The Court will also issue a separate Order To Show Cause concerning subject-matter jurisdiction over any remaining claims.