**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEN M. JOHNSON,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>NEW JERSEY DOOR WORKS, INC.,<br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF VETERANS AFFAIRS,<br>and JOHN DOE, a fictitious name,<br><br>　　　Defendants. | CIVIL ACTION NO. 12-4380 (MLC)<br><br>**MEMORANDUM OPINION** |

　　**THE PLAINTIFF**, Allen M. Johnson, brought this action against the defendants, New Jersey Door Works, Inc., United States of America, Department of Veterans Affairs (the "VA"), and John Doe, a fictitious name (collectively, the "defendants"), to recover damages for personal injuries.  (See dkt. entry no. 17, 2d Am. Compl.)

　　**THE PLAINTIFF** brought the action on July 13, 2012.  (See generally dkt. entry no. 1 (noting filing date).)  He asserts subject-matter jurisdiction under 28 U.S.C. § ("Section") 1332.  (See 2d Am. Compl. at 1.)

　　**THE COURT** dismissed the claims asserted against the VA on February 11, 2014.  (See dkt. entry no. 32, 2-11-14 Order & J.)  The Court contemporaneously ordered the plaintiff to show cause why

the remaining claims in this action should not be dismissed for lack of subject-matter jurisdiction, as the Court noted that the plaintiff's jurisdictional allegations were deficient. (See dkt. entry no. 34, 2-11-14 Order to Show Cause at 1-2.)[1]

**THE COURT** noted its intention to dismiss the remaining claims "unless the plaintiff submit[ted] proof demonstrating (1) that [New Jersey Door Works, Inc. ("NJDW")] is indeed a corporation, (2) the state by which NJDW has been incorporated and the state where NJDW has its principal place of business, and (3) which state John Doe is a citizen of." (Id. at 3.) The Court also specifically instructed the plaintiff to provide definitive responses as to the citizenship of NJDW and the citizenship of John Doe. (See id.)

**THE COURT** intends to dismiss the Second Amended Complaint without prejudice, as the plaintiff's response to the Court's February 11, 2014 Order to Show Cause is deficient. (See dkt. entry no. 34, Certification of Counsel.) See Fed.R.Civ.P. 12(h)(3) (instructing district court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFF** fails to properly respond to the Court's February 11, 2014 Order to Show Cause, as it pertains to John Doe's

---

[1] Even though the plaintiff asserted subject-matter jurisdiction under only Section 1332 in his Second Amended Complaint, the Court did not initially question the plaintiff's jurisdictional allegations because there were claims asserted against a federal defendant, the VA. Once the Court dismissed the VA from the case, however, the plaintiff's jurisdictional allegations were deficient.

2

citizenship.  The plaintiff was required to specifically identify the citizenship of the fictitious defendant in order to demonstrate that the Court has subject-matter jurisdiction under Section 1332(a)(1).  See Howell v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997) (stating that "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits"); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 31-32 (3d Cir. 1985) (concluding "that the Doe allegations here are sufficient on their face to defeat diversity jurisdiction" because they were asserted "[w]ith [a] degree of specificity", and thus "we cannot say that the Doe defendants are mere 'phantoms' who 'live not and are accused of nothing'").  The plaintiff's response is not sufficiently specific, merely certifying that:

> Plaintiff hereby represents that Defendant John Doe is a corporation, partnership and/or any and all other individuals located in, having a principal place of business of, and incorporated in the State of New Jersey.

(See Certification of Counsel at 2.)

**THE PLAINTIFF** has failed to show that complete diversity of citizenship exists here.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  Thus, the Court will dismiss the

3

Second Amended Complaint, but will do so without prejudice to the plaintiff to exercise one of three options within thirty days: (1) the plaintiff may recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); (2) the plaintiff may move in accordance with both the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with supporting documentation demonstrating which state John Doe was a citizen of specifically on July 13, 2012; or (3) the plaintiff may move in accordance with both the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court without including John Doe as a defendant, or listing John Doe in the caption and alleging in the Complaint that it is a mere placeholder with no substantive allegations against John Doe.

**IF THE PLAINTIFF** opts to move to reopen in federal court then he will do so at his own peril, as the Court will not further extend the thirty-day period to proceed in state court.  The plaintiff is also advised that jurisdiction is measured "against the state of facts that existed at the time of filing," and thus he must explicitly allege citizenship of John Doe as it existed on July 13, 2012.  See Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004).

**THE COURT** cautions the plaintiff – if he opts to move to reopen – against restating the allegations from the Second Amended Complaint or restating the responses from the Certifications of Counsel.  The Court advises the plaintiff that an allegation based upon information and belief, an assertion that is not specific (e.g., "John Doe is a corporation, partnership and/or any and all other individuals located in, having a principal place of business of, and incorporated in the State of New Jersey"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as the plaintiff should have ascertained subject-matter jurisdiction before choosing to bring the action in federal court.

**AS THE PLAINTIFF** is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  See CGB Occupational Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).  The Court will issue an appropriate order and judgment.

                                                                                                 s/ Mary L. Cooper
                                                                  **MARY L. COOPER**
                                                                  United States District Judge

Dated: March 4, 2014